**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

NATIONS LENDING CORPORATION,

              Plaintiff,

      -vs-

CMG MORTGAGE, INC. *et al.*,

              Defendants.

Case No. 1:25-cv-00063

JUDGE DAVID A. RUIZ

**ORDER**

Nations Lending Corporation ("Plaintiff") initiated this case through a Complaint filed in the Cuyahoga County Court of Common Pleas against CMG Mortgage, Inc. ("CMG"), Mina Galab, Eric Estevez, and unnamed individuals as defendants. (R. 1). Defendants then removed the case to this Court. *Id*. Now pending is Defendant CMG's Motion to Dismiss for failure to state a claim. (R. 5).[1] Generally, CMG argues that the Complaint fails to allege facts sufficient to support any of its causes of actions, and takes the position that the Complaint "does not provide any factual basis for its conclusory allegations …." (R. 5-1, PageID# 231).[2]

In response, Plaintiff filed an "Opposition to Defendant CMG Mortgage, Inc.'s Motion to Dismiss *and* Motion for Leave to Amend the Complaint." (R. 8). In its brief, Plaintiff states that

---

[1] The individually named Defendants—Mina Galab, Eric Estevez—filed a separate joint Motion to Dismiss, asserting the Complaint's claims are subject to mandatory arbitration. (R. 6). That motion was addressed by a separate Order. (R. 13).

[2] The Court does not take any position at this time as to whether the Complaint fails to state a claim. Nevertheless, the allegations against Defendant CMG are clearly thin and tend towards the conclusory.

"[i]f the Court finds that Nations Lending failed to state one of the aforementioned claims, then Nations Lending moves for leave to amend." (R. 8, PageID# 281). The Court declines to issue an advisory opinion that would provide Plaintiff with a potential roadmap to cure any deficiencies in its original Complaint. Such an exercise would be an inefficient use of the Court's resources.

Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's request to amend the Complaint came early in the litigation and prior to Defendants filing an Answer. The Court finds no evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party. *See. e.g., Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737-38 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 527, 214 L. Ed. 2d 302 (2022). Whether amendment would be futile is not apparent at this time.

The Court hereby GRANTS Plaintiff's Motion for Leave to Amend the Complaint. (R. 8). Defendant CMG's Motion to Dismiss (R. 5) is DENIED *without prejudice* as moot. Plaintiff has thirty (30) days from today's date to file an Amended Complaint. Defendant CMG may file a new motion to dismiss within the timeframe set forth by the Local Rules. Defendant CMG shall also file an Answer, even if it files a Motion to Dismiss. In the event Plaintiff fails to file an Amended Complaint within thirty days, Defendant CMG may renew its Motion to Dismiss, with or without modification from its original filing. Finally, the filing of an Amended Complaint shall have no impact on the Court's separate decision to stay this matter with respect to Defendants Estevez and

Galab due to the presence of a binding and enforceable arbitration agreement in their respective employment agreements with Plaintiff, as set forth in greater detail in the Court's Memorandum Opinion and Order. (R. 13).

     IT IS SO ORDERED.

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: March 23, 2026